UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Rex Landry,
        Plaintiff

        v.                                    Case No. 16-cv-507-SM
                                              Opinion No. 2017 DNH 151
Time Warner Cable, Inc., and
Thompson Reuters Corporation,
        Defendants

## O R D E R

Plaintiff, Rex Landry, filed this putative class action against his former employer, Time Warner Cable, as well as Thompson Reuters Corporation.  In addition to various state law claims, Landry alleges that Time Warner and Reuters violated various provisions of the federal Fair Credit Reporting Act ("FCRA").  Pending before the court is Reuters' motion to dismiss, in its entirety, one of the claims advanced against it, and to dismiss a portion of the second.  Landry objects.  For the reasons stated, Reuters' motion is denied.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences

in favor of the pleader." <u>SEC v. Tambone</u>, 597 F.3d 436, 441
(1st Cir. 2010). Although the complaint need only contain "a
short and plain statement of the claim showing that the pleader
is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege
each of the essential elements of a viable cause of action and
"contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face," <u>Ashcroft v.
Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and internal
punctuation omitted).

    In other words, "a plaintiff's obligation to provide the
'grounds' of his 'entitlement to relief' requires more than
labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do." <u>Bell Atl. Corp. v.
Twombly</u>, 550 U.S. 544, 555 (2007). Instead, the facts alleged
in the complaint must, if credited as true, be sufficient to
"nudge[] [plaintiff's] claims across the line from conceivable
to plausible." <u>Id</u>. at 570. If, however, the "factual
allegations in the complaint are too meager, vague, or
conclusory to remove the possibility of relief from the realm of
mere conjecture, the complaint is open to dismissal." <u>Tambone</u>,
597 F.3d at 442.

**Background**

Accepting the allegations set forth in Landry's complaint as true – as the court must at this juncture – the relevant facts are as follows.  In 2015, Landry applied for, and was given, a job with Time Warner Cable, Inc.  Approximately four months after he started working for Time Warner, Landry was called into a meeting, during which a member of Time Warner's Corporate Security Division accused him of having been convicted of a felony (and serving a prison sentence) in Harris County, Texas – facts not disclosed on Landry's job application.  Landry says he never lived in Harris County and, more importantly, he was never convicted of a felony in Texas.  He claims Time Warner obtained that erroneous information from the background check it secured through Reuters' CLEAR (Consolidated Lead Evaluation and Reporting) service.  And, says Landry, although he authorized Time Warner to perform a background check as part of the hiring process, he claims the report it obtained from Reuters was unauthorized.

Landry says that, as a direct result of the erroneous information contained in Reuters' report, he was suspended without pay.  Subsequently, Landry contacted the Harris County prison and learned that an individual who shares his name (but

not his date of birth or his social security number) had, indeed, served time at the prison.  He shared that information with Time Warner, which acknowledged its mistake and agreed that Landry had not lied on his job application.  Nevertheless, Time Warner informed Landry that his employment was being terminated for an entirely unrelated reason: because he had allegedly used profane language in front of a co-worker, which made that co-worker feel uncomfortable.  Landry asserts that Time Warner's stated reason(s) for terminating his employment are a pretext.

As for Reuters and its CLEAR report, Landry says: (1) Reuters knew or should have known that Time Warner would use the information contained in that report for the purpose of establishing Landry's eligibility for employment; (2) Reuters did not adopt and implement reasonable procedures for ensuring that credit information about Landry was collected, maintained, and dispensed in an appropriate manner; (3) the CLEAR report provided to Time Warner contained several inaccuracies, including that Landry had served prison time in Harris County, Texas; and (4) in providing the CLEAR report to Time Warner, Reuters willfully violated several provisions of the FCRA.

**Discussion**

Reuters moves to dismiss count five of Landry's complaint, asserting that, while the FCRA generally prohibits credit reporting agencies from disclosing information that is more than seven years old, the statute contains an exemption for "records of convictions of crimes." Accordingly, says Reuters, "any information in CLEAR about a criminal conviction of 'Ryan Landry,' regardless of date of conviction, is not a violation of the FCRA as a matter of law." Defendant's Memorandum (document no. 11-1) at 3-4. Additionally, Reuters moves to dismiss count four (and, if the court is not persuaded by its initial challenge, count five) to the extent those counts allege "willful" violations of the FCRA. At best, says Reuters, Landry's complaint must be read to advance claims of mere negligence.


I.   <u>Count Five - Exemption for Criminal Convictions</u>.

In count five of his complaint, Landry asserts that Reuters violated the FCRA by providing outdated information - that is "one or more adverse items of information which antedates the report by more than seven years and is something other than a record of a conviction for a crime." Complaint at para. 85. <u>See generally</u> 15 U.S.C. § 1681c(a)(5) (prohibiting consumer

5

reporting agencies from creating a consumer report containing adverse items of information, other than records of convictions of crimes, which antedate the report by more than seven years).

In support of its motion to dismiss that count, Reuters asserts that "the only information from CLEAR that Plaintiff attributes to his suspension" is the (false) report of Landry's conviction in Texas.  Reuters' Memorandum (document no. 11-1) at 6.  And, says Reuters, because the FCRA specifically allows credit reporting agencies to include "records of convictions of crimes which antedate[] the report by more than seven years," 15 U.S.C. § 1681c(a)(5), count five of Landry's complaint fails to state a viable cause of action.  The court disagrees.

As Reuters points out, Landry alleges that the CLEAR report included outdated (and false) information about a criminal conviction in Texas - information that may not be actionable under the exemption set forth in 15 U.S.C. § 1681c(a)(5).  But, Landry's complaint also alleges that the CLEAR report contained other outdated information that is outside the scope of that exemption.  Specifically, Landry alleges that the "Report also included adverse information that was more than 7 years old, including, but not limited to, arrests and/or dismissals of

criminal counts from 2000." Complaint at para. 35 (Landry goes on to claim that, "like most [of] the information in the Report, this adverse information was inaccurate, in whole or in part.").

Liberally construing the allegations of the complaint, the court is constrained to conclude that Landry has alleged minimally sufficient facts to state a viable claim in count five of his complaint. That count adequately alleges that Reuters' CLEAR report contained adverse information "which antedates the report by more than seven years" and which is not covered by the limited exemption for "records of convictions of crimes" set forth in section 1681c(a)(5). In other words, Landry does not rest the claims advanced in count five solely on the fact that the CLEAR report contained a record of a criminal conviction from Texas. Instead, it adequately alleges that the report also contained other adverse and impermissibly outdated information about him – that is, "arrests and/or dismissals of criminal counts from 2000." Complaint at para. 35. Reuters' motion to dismiss count five must, therefore, be denied.

II.  Counts Four and Five - Willful Violations of the FCRA.

Next, Reuters alleges that Landry's complaint does not adequately allege that it acted "willfully" in its failure to

comply with the requirements of the FCRA.  At best, says
Reuters, Landry's complaint might be read to plausibly allege
that its failure to comply with FCRA requirements was the
product of negligence.[1]  Accordingly, Reuters moves to dismiss
Landry's claims of willful violations of the FCRA, as set forth
in counts four and five.

The Supreme Court has held that, under section 1681n of the
FCRA, "willful" violations of the statute encompass both knowing
violations of the FCRA's requirements and those that are
committed with a reckless disregard for those requirements.
Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57–58 (2007).  And,
in support of his claim that Reuters acted with reckless
disregard for its statutory obligations, Landry alleges that:
(1) Reuters is a consumer reporting agency and, therefore, is
well-versed in the requirements imposed upon it by the FCRA; (2)
Reuters provided Landry's employer with a consumer report in
violation of the FCRA's requirements; and (3) it has previously
provided other employers with consumer reports related to their

---

[1]    The difference is meaningful because if Landry is able to
prove that Reuters acted willfully, he could recover statutory
damages of up to $1,000 and, potentially, punitive damages.  See
15 U.S.C. § 1681n.  But, if he is able to demonstrate only that
Reuters was negligent, his recovery would be limited to actual
damages.  See 15 U.S.C. § 1681o.

employees in violation of the FCRA's requirements.  From that,
says, Landry, a plausible inference arises that Reuters acted
either knowing that it was violating the FCRA, or with a
reckless disregard for its obligations under that statute.  See
generally Bersaw v. Northland Grp. Inc., No. 14-CV-128-JL, 2015
WL 1097402, at *4 (D.N.H. Mar. 11, 2015) (noting that similar
factual allegations would permit a reasonable finder of fact to
conclude that the defendant was "either ignorant of, or simply
ignored, the possibility" that its conduct violated the FCRA -
conduct which, at a minimum, would have been negligent, but
might also support a finding of willfulness or reckless
disregard).  See also Phillips v. Grendahl, 312 F.3d 357, 371
(8th Cir. 2002) (noting that evidence that the defendants "had
some experience in dealing with credit reports and either knew
of the Fair Credit Reporting Act or at least knew that such
reports can only be obtained legally under certain
circumstances" could "support an inference that the defendants
knew that their actions were impermissible") abrogated on other
grounds by Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

     The complaint's allegations of "willfulness" are sufficient
- if barely - to survive Reuters' motion to dismiss.  Once
discovery is completed, this issue may be better addressed on

summary judgment.  See, e.g., Goodman v. Port Auth. of N.Y &
N.J., 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Whether or not
a violation of the FLSA is 'willful' is a fact-intensive inquiry
not appropriately resolved on a motion to dismiss.").

### Conclusion

For the foregoing reasons, as well as those set forth in
plaintiff's memorandum (document no. 15-1), Reuters' motion to
dismiss (document no. 11) is denied, without prejudice to its
ability to address those issues on summary judgment, with the
benefit of a more fully developed record.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 9, 2017

cc:  Benjamin J. Wyatt, Esq.
     Michael Varraso, Esq.
     Abigail S. Romero, Esq.
     Joseph W. Ozmer, II, Esq.
     Michael D. Kabat, Esq.
     Michele E. Kenney, Esq.
     Eric Bosset, Esq.
     Geoffrey J. Vitt, Esq.
     Neil K. Roman, Esq.